**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

LEVI STRAUSS & CO.,

Plaintiff,

v.

THE PARTNERSHIPS and UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A",

Defendants.

Case No. 26-cv-09092

**Judge Manish S. Shah**

**PRELIMINARY INJUNCTION ORDER**

THIS CAUSE being before the Court on Plaintiff Levi Strauss & Co.'s ("Plaintiff" or "LS&Co.") Motion for Entry of a Preliminary Injunction, and this Court having heard the evidence before it hereby GRANTS Plaintiff's Motion for Entry of a Preliminary Injunction as follows against the fully interactive, e-commerce stores[1] operating under the seller aliases identified in Schedule A attached hereto (collectively, the "Seller Aliases").

This Court finds that Defendants have sold products using infringing and counterfeit versions of the LEVI'S Trademarks to residents of Illinois. A list of the LEVI'S Trademarks is included in the chart below.

| **REGISTRATION NUMBER** | **TRADEMARK** |
|---|---|
| 1,140,011<br>1,124,018<br>1,130,486<br>4,660,979 | LEVI'S |
| 250,265 | Levi's |

[1] The e-commerce store URLs are listed on Schedule A hereto under the Online Marketplaces.

| | |
|---|---|
| 2,320,789 | |
| 849,437 | |
| 1,135,196 | |
| 356,701 |  |
| 516,561 | |
| 2,726,253 |  |
| 1,044,246 | |
| 4,576,208 | |

| | |
|---|---|
| 1,030,033 | |
| 1,095,986 | |
| 1,140,853 | |

This Court also finds that injunctive relief previously granted in the Temporary Restraining Order ("TRO") should remain in place through the pendency of this litigation and that issuing this Preliminary Injunction is warranted under Federal Rule of Civil Procedure 65. Evidence submitted in support of this Motion and in support of Plaintiff's previously granted Motion for Entry of a Temporary Restraining Order establishes that Plaintiff has demonstrated a likelihood of success on the merits; that no remedy at law exists; and that Plaintiff will suffer irreparable harm if the injunction is not granted.

Specifically, Plaintiff has proved a *prima facie* case of trademark infringement because (1) the LEVI'S Trademarks are distinctive marks and are registered with the U.S. Patent and Trademark Office on the Principal Register, (2) Defendants are not licensed or authorized to use the LEVI'S Trademarks, and (3) Defendants' use of the LEVI'S Trademarks is causing a likelihood of confusion as to the origin or sponsorship of Defendants' products with Plaintiff. Furthermore, Defendants' continued and unauthorized use of the LEVI'S Trademarks irreparably harms Plaintiff through diminished goodwill and brand confidence, damage to Plaintiff's

reputation, loss of exclusivity, and loss of future sales. Monetary damages fail to address such damage and, therefore, Plaintiff has an inadequate remedy at law. Moreover, the public interest is served by entry of this Preliminary Injunction to dispel the public confusion created by Defendants' actions. Accordingly, this Court orders that:

1. Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under or in active concert or participation with them be preliminarily enjoined and restrained from:

   a. using the LEVI'S Trademarks or any reproductions, counterfeit copies or colorable imitations thereof in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine LEVI'S® brand product or not authorized by Plaintiff to be sold in connection with the LEVI'S Trademarks;

   b. passing off, inducing, or enabling others to sell or pass off any product as a genuine LEVI'S® brand product or any other product produced by Plaintiff, that is not Plaintiff's or not produced under the authorization, control or supervision of Plaintiff and approved by Plaintiff for sale under the LEVI'S Trademarks;

   c. committing any acts calculated to cause consumers to believe that Defendants' Unauthorized Products are those sold under the authorization, control or supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiff; and

   d. manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiff, nor authorized by Plaintiff to be sold or

offered for sale, and which bear any of Plaintiff's trademarks, including the LEVI'S Trademarks, or any reproductions, counterfeit copies or colorable imitations thereof.

2. Upon Plaintiff's request, any third party with actual notice of this Order who is providing services for any of the Defendants, or in connection with any of the Online Marketplaces, including, without limitation, any online marketplace platforms such as PayPal, Inc. ("PayPal"), Amazon.com, Inc. ("Amazon"), and WhaleCo Inc. ("Temu") (collectively, the "Third Party Providers") shall, within seven (7) calendar days after receipt of such notice, provide to Plaintiff expedited discovery, limited to copies of documents and records in such person's or entity's possession or control sufficient to disclose:

a. the identities and locations of Defendants, their affiliates, officers, agents, servants, employees, confederates, attorneys, and any persons acting in concert or participation with them, including all known contact information and all associated e-mail addresses;

b. the nature of Defendants' operations and all associated sales of products using LEVI'S Trademarks, methods of payment for services and financial information, including, without limitation, identifying information associated with the Online Marketplaces and Defendants' financial accounts, as well as providing a full accounting of Defendants' sales and listing history related to their respective Online Marketplaces for products using LEVI'S Trademarks; and

c. any financial accounts owned or controlled by Defendants, including their affiliates, officers, agents, servants, employees, confederates, attorneys, and any persons acting in concert or participation with them, including such accounts residing with or under the control of any banks, savings and loan associations, payment processors or other financial institutions, including, without limitation, PayPal, Amazon, Temu or other

merchant account providers, payment providers, third party processors, and credit card associations (e.g., MasterCard and VISA).

3. Upon Plaintiff's request, those with notice of the injunction, including the Third Party Providers as defined in Paragraph 2, shall within seven (7) calendar days after receipt of such notice, disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of counterfeit and infringing goods using the LEVI'S Trademarks.

4. Any Third Party Providers, including PayPal, Amazon, and Temu, shall within seven (7) calendar days of receipt of this Order:

   a. locate all accounts and funds connected to Defendants and the Seller Aliases and Online Marketplaces, including, but not limited to, any financial accounts connected to the information listed in Schedule A hereto, the e-mail addresses identified in Exhibits to the Declaration of Zachary Toczynski, and any e-mail addresses provided for Defendants by third parties; and

   b. restrain and enjoin any such accounts or funds from transferring or disposing of any of Defendants' assets traceable to the proceeds of sales of products using the LEVI'S Trademarks, until further ordered by this Court, or the expiration of this Order, whichever is earlier. Upon a showing that restrained assets are not attributable to the sale of products using the LEVI'S Trademarks, the Court will modify the asset restraint.

5. Plaintiff is authorized to issue expedited written discovery, pursuant to the Federal Rules of Civil Procedure 33, 34 and 36, related to:

   a. the identities and locations of Defendants, their affiliates, officers, agents, servants, employees, confederates, attorneys, and any persons acting in concert or participation

with them, including all known contact information, including any and all associated e-mail addresses; and

b. the nature of Defendants' operations and all associated sales of products using LEVI'S Trademarks, methods of payment for services and financial information, including, without limitation, identifying information associated with the Online Marketplaces and Defendants' financial accounts, as well as providing a full accounting of Defendants' sales and listing history related to their respective Online Marketplaces for products using LEVI'S Trademarks.

Plaintiff is authorized to issue any such expedited discovery requests via e-mail. Defendants shall respond to any such discovery requests within seven (7) calendar days of being served via e-mail.

6. Plaintiff may provide notice of the proceedings in this case to Defendants and any future motions, by electronically publishing a link to the Complaint, this Order, and other relevant documents on a website and by sending an e-mail with an attachment of the relevant documents and a link to said website to an e-mail address for each Defendant.

7. Schedule A to the Complaint [2], Exhibit 2 to the Complaint [3], Seller Aliases screenshots attached to the Declaration of Zachary Toczynski [18] and the TRO [21] are unsealed.

8. Any Defendants that are subject to this Order may appear and move to dissolve or modify the Order as permitted by and in compliance with the Federal Rules of Civil Procedure and Northern District of Illinois Local Rules.

9. The fifty thousand dollars ($50,000) bond posted by Plaintiff shall remain with the Court until a Final disposition of this case or until this Preliminary Injunction is terminated.

IT IS SO ORDERED.

Date: August 19, 2026

Manish S. Shah
United States District Judge

**Levi Strauss & Co. v. The Partnerships and Unincorporated Associations Identified on Schedule "A" - Case No. 26-cv-09092**

# Schedule A

| Defendant Online Marketplaces | | |
|---|---|---|
| **No** | **URL** | **Name / Seller Alias** |
| 1 | amazon.com/sp?seller=A30263C3GQSQO0 | A30263C3GQSQO0 |
| 2 | amazon.com/sp?seller=A402F2IT1729S | baoweinongmujia |
| 3 | amazon.com/sp?seller=A3DQ8GBQM2HZ0O | Fengzhuokai |
| 4 | amazon.com/sp?seller=A1JQPEC1RKAIG9 | Gaoshengwu |
| 5 | amazon.com/sp?seller=ATQ7WOGC6WTS8 | GFAYGDUAGDU |
| 6 | amazon.com/sp?seller=A3FDCT6K8C7AZZ | Linshengwu |
| 7 | amazon.com/sp?seller=A3QO6P21VO5ZIV | Mud Kingdom |
| 8 | amazon.com/sp?seller=A11IIEORTB2R75 | Ningaoxing |
| 9 | amazon.com/sp?seller=AN75XDFXMNQQ6 | qiancanwjm |
| 10 | amazon.com/sp?seller=A3S5WCVM33XQ9I | qichunxianxinchenfuzhuangshan ghanggerenduzi |
| 11 | amazon.com/sp?seller=A2W8OTVG2JHFHX | Rossi Vession |
| 12 | amazon.com/sp?seller=A3JDFAD93JOEOS | Shenzhen Aoxikang E-commerce Co., Ltd. |
| 13 | amazon.com/sp?seller=A3O4YZDMRT390D | shenzhenshihongzhinankejiyouxi angongsi |
| 14 | amazon.com/sp?seller=A1730AHIV4R8VH | SWIFTECOM-US |
| 15 | amazon.com/sp?seller=A3HW67C1SPAZ2 | wenchupoDZ |
| 16 | amazon.com/sp?seller=A2TAKWK7BJZCGN | Yunongl |
| 17 | amazon.com/sp?seller=A1ZHA3V2C50JXO | Zhiguozha |
| 18 | amazon.com/sp?seller=AT1CO24UII6WX | ZunHuaShiDaHaoShangMaoYou XianGongSi |
| 19 | instagram.com/yangcollect888/?hl=en | yangcollect888 |
| 20 | instagram.com/zoekicks717/?hl=en | zoekicks717 |
| 21 | temu.com/mall.html?mall_id=634418229722336 | Oletty |
| 22 | temu.com/mall.html?mall_id=634418229209985 | suro shopping |
| 23 | temu.com/mall.html?mall_id=634418227796569 | ZHIHUAXIA Shop |